IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GREENWALD, | Case No. 2:15-cv-2451 |
| | Judge Gregory L. Frost |
| Plaintiff, | Magistrate Judge Norah McCann King |
| v. | |
| MARC HOLSTEIN, et al., | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants Group 3 Auto Auctions, LLC, Columbus Fair Auto Auction, Inc., Keith Whann, Ice Miller LLP, and Jay Dingledy's (collectively, "Group 3 Defendants") motion to stay discovery, (ECF No. 130), Plaintiff's cross motion for expedited discovery (ECF No. 132), Group 3 Defendants' reply in support of their motion (ECF No. 142), Defendants Marc Holstein and Peter Levy's motion to stay discovery (ECF No. 150), Plaintiff's cross motion to expedite discovery (ECF No. 152), Defendants Holstein and Levy's reply in support of their motion (ECF No. 154), and Group 3 Defendants' response to Plaintiff's supplemental cross motion for expedited discovery (ECF No. 155). For the reasons that follow, the Court **GRANTS** the motions to stay discovery and **DENIES** the cross motions for expedited discovery.

**I.     BACKGROUND**

This case involves the sale of AWG Remarketing, Inc. ("AWG") in December of 2011 to Group 3 Auto Auctions, LLC ("Group 3") and related entities. Plaintiff Greenwald was AWG's majority shareholder at the time of the sale.

1

Following the sale, non-party Huey Jiuan Liang initiated a lawsuit in California state court against several individuals associated with her company as well as several individuals associated with AWG ("California Litigation"). Liang alleged that the defendants wrongfully prevented her company from purchasing AWG. The lawsuit, however, was unsuccessful.

In October of 2013, Liang filed a lawsuit with this Court alleging copyright infringement against Group 3, Columbus Fair Auto Auction, Inc. ("CFAA") (both of whom are defendants in the present action), and other defendants. This lawsuit is referred to as the "Ohio Litigation."

Shortly thereafter, on November 4, 2013, Greenwald filed a complaint in a federal district court in New Jersey (the "New Jersey Litigation") against Group 3, CFAA, Keith Whann, Ice Miller LLP, Jay Dingledy, Peter Levy, Marc Holstein, Benjamin Berger, and Berger Harrison, APC (collectively, "Defendants"). Greenwald alleged that Defendants fraudulently convinced him (Greenwald) to sell AWG at an artificially deflated price. Greenwald asserted a claim for "violation of federal securities laws," 15 U.S.C. § 78j(b), among other claims. (ECF No. 1 ¶¶ 109–117.)

On February 11, 2014, Group 3 and CFAA joined their co-defendants in filing a third-party complaint against Greenwald in the Ohio Litigation. The defendants alleged that, if Liang's claim for copyright infringement was valid, then they (the defendants) were entitled to indemnification from Greenwald because Greenwald did not disclose the potential liability at the time he sold AWG. The defendants further alleged that Greenwald violated federal and state securities laws by intentionally misrepresenting material facts in connection with AWG's exposure to liability for copyright infringement.

Greenwald filed a motion to dismiss the third-party complaint, which the defendants/third-party plaintiffs opposed. This Court denied the motion and found that the third-

party complaint stated a claim for relief. Cross motions for summary judgment are currently pending with respect to the third-party complaint.

Meanwhile in the New Jersey Litigation, certain defendants filed a motion to dismiss or, in the alternative, to transfer the case to this Court. The district judge granted the motion and transferred the case to this Court on June 25, 2015. On July 14, 2015, defendants Group 3, CFAA, Dingledy, Ice Miller LLP, and Whann filed a motion to dismiss for failure to state a claim (ECF No. 129) and a joint motion to stay discovery pursuant to a mandatory stay provision in the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. 78u-4(b)(3)(B) (ECF No. 130). Defendants Levy and Holstein subsequently filed their own motion to dismiss (ECF No.156) and motion to stay (ECF No. 150). The Court will consider the parties' arguments regarding the motions to stay below.

## II.     ANALYSIS

15 U.S.C. 78u-4(b)(3)(B) provides, in relevant part:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

It is undisputed that this case is a "private action," a claim of which "aris[es] under" Chapter 2B of Title 15 of the United States Code. The issue, therefore, is whether "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." *Id*.

Plaintiff does not directly address this issue in his first cross motion for expedited discovery. Instead, Plaintiff makes the following legal arguments in support of his position, none of which have merit.

3

Plaintiff first argues that the PSLRA "was designed to prevent fishing expeditions and to protect defendants from specious claims," and "was originally intended for class actions" such that it should not apply in this case. (ECF No. 132, at PAGEID # 3525.) That argument is not persuasive, however, given that the plain language of § 78u-4(b)(3)(B) states that it applies to "any private action." Moreover, because Congress specifically limited § 78u-4(a) to "[p]rivate class actions" but did not so limit § 78u-4(b)(3)(B), the Court declines to interpret the latter provision inconsistently with its plain language.

Second, Plaintiff argues that "the automatic stay may be lifted in 'extraordinary circumstances' where the plaintiff can show that particularized discovery is necessary to prevent undue prejudice." (ECF No. 132, at PAGEID # 3525 (citing *Dipple v. Odell*, 870 F. Supp. 2d 386, 391 (E.D. Pa. 2012)).) Despite discussing the definition of "particularized," Plaintiff does not articulate the particularized discovery that he seeks in this case.

Plaintiff next argues that the PSLRA Stay Provision would not be furthered in this case because the discovery sought has been distributed to third parties. Plaintiff relies on *In re FirstEnergy Corp. Securities Litigation*, which reaffirms the general principle that a court must determine whether the need to preserve evidence or to prevent undue prejudice warrants a lift of the automatic discovery stay. *See* 229 F.R.D. 541, 545 (N.D. Ohio 2004) (citing § 78u-4(b)(3)(B)). Plaintiff does not, however, articulate why the fact that discovery was exchanged in the California Litigation or in the Ohio Litigation translates to a finding that immediate discovery is necessary to preserve evidence or prevent undue prejudice. Instead, Plaintiff's argument seems to be that the statute should not apply simply because Defendants have already produced certain materials in other cases, which is not—itself—an exception to the mandatory stay set forth § 78u-4(b)(3)(B).

4

Next, Plaintiff argues that courts in other cases have allowed discovery to proceed after denying a motion to dismiss. Plaintiff then argues that "the securities claims at issue have been the subject of this Court's extensive motion to dismiss Order" in the Ohio Litigation. (ECF No. 132, at PAGEID # 3527.) It is unclear to the Court why Plaintiff relies on this fact repeatedly throughout his brief and why he characterizes Defendants' conduct in opposing Greenwald's motion to dismiss in the Ohio Litigation as evidence that Defendants are using the PSLRA as both a "sword and a shield." (*Id*.) Although the Court acknowledges that certain defendants opposed Greenwald's motion to dismiss in the Ohio Litigation, and that discovery proceeded on the issue of Greenwald's liability to indemnify those defendants for the cost of defending Liang's copyright infringement claims, the Court finds these facts to be irrelevant to the issue of whether the exceptions set forth in § 78u-4(b)(3)(B) apply in this case.

Plaintiff's additional argument that Defendants' actions are an attempt to "bury Mr. Greenwald in motion practice," (ECF No. 132, at PAGEID # 3527), is equally unavailing given that Defendants' motion has a strong legal basis due to the mandatory stay provision. And the fact that Defendants—as third-party plaintiffs in the Ohio Litigation—did not raise the issue of § 78u-4(b)(3)(B) is hardly surprising. That fact is not a reason to disregard § 78u-4(b)(3)(B).

For his final argument, Plaintiff asserts that Defendants "waived any argument" that the PSLRA stay provision applies in this case because Defendants failed to raise the provision in earlier briefing in the New Jersey Litigation. (ECF No. 132, at PAGEID # 3528.) But the Court agrees with Defendants that such an argument is without consequence because the district court in New Jersey did not consider the merits of the action but instead transferred the case to this district. Plaintiff does not suggest that discovery commenced in the New Jersey Litigation prior to the transfer. Plaintiff's waiver argument therefore is not persuasive in the context of this case.

5

The Court next addresses Plaintiff's second cross motion for expedited discovery, which he filed in response to defendants Levy and Holstein's motion to stay. In this motion, Plaintiff articulates for the first time the particularized discovery he seeks. Plaintiff seeks "all materials exchanged" in the California Litigation, as well as the ability to subpoena certain third parties with relevant knowledge. (ECF No. 152, at PAGEID # 4174.) Plaintiff argues that "there is unacceptable risk that documents may be lost and destroyed since the Liang trial was unsuccessful and has now descended into litigation between Liang and her trial counsel." (*Id*. at PAGEID # 4174–75.) Plaintiff adds that "Levy and Holstein, having been caught red handed in a fraud, and their co-conspirators, cannot be trusted to preserve evidence or follow the Federal Rules of Civil Procedure." (*Id*. at PAGEID # 4175.)

These arguments are again unpersuasive. The fact that Plaintiff alleges a fraud claim does not exempt this case from the reach of 78u-4(b), which applies to "securities fraud actions." 15 U.S.C. § 78u-4(b). That is especially true given that that the statute contains a "[p]reservation of evidence" provision that sets forth a party's obligation to preserve all relevant documents, data, and tangible objects during the pendency of a discovery stay. *Id*. § 78u-4(b)(3)(C).

The Court is similarly unpersuaded that the speculative risk of lost documents or fading memories amounts to "undue prejudice" within the meaning of § 78u-4(b)(3)(B). Although the Court acknowledges this risk, the Court ultimately agrees with Defendants that this risk exists in every case to which § 78u-4(b)(3)(B) applies. Plaintiff does not assert any circumstances that make this case different or unusual from other private securities fraud cases subject to § 78u-4(b)(3)(B). Absent a specific, concrete example of documents or testimony that must be secured immediately (as opposed to after the Court addresses Defendants' motion to dismiss), the Court cannot conclude that the exceptions to § 78u-4(b)(3)(B) apply.

6

The PSLRA's mandatory stay provision therefore governs this case. The Court accordingly **STAYS** all discovery and other proceedings during the pendency of Defendants' motions to dismiss. (ECF Nos. 129 & 156).

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motions to stay (ECF No. 130 & 150) and **DENIES** the cross motions for expedited discovery (ECF Nos. 132 & 152). All discovery and other proceedings are hereby **STAYED** until further order from the Court.

**IT IS SO ORDERED.**

          **/s/ Gregory L. Frost**
          **GREGORY L. FROST**
          **UNITED STATES DISTRICT JUDGE**